**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Felix A. Cortijo,** | ) | **CASE NO. 1:20-CV-02337** |
| | ) | |
| **Petitioner,** | ) | **JUDGE PAMELA A. BARKER** |
| | ) | |
| v. | ) | |
| | ) | **Memorandum of Opinion and Order** |
| **Sheriff Schilling, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

Petitioner Felix A. Cortijo is a pretrial detainee confined at the Cuyahoga County Jail awaiting trial. Acting *pro se*, he has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, seeking release from jail on personal recognizance or GPS monitoring. (Doc. No. 1.). He asserts that the bail that has been ordered in his case is excessive for a person with his income level. He also claims indigent inmates can only use the telephone if they have the assistance of a social worker. They must put in requests using the kiosk and response times are slow. He also claims the jail lacks a law library.

**Standard of Review and Discussion**

Federal district courts must conduct an initial review of Habeas Corpus Petitions. *See* 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A court must deny a petition "if it plainly appears from the Petition and any attached exhibits that the Petitioner is not entitled to relief" in the district court. Rule 4 of the Rules

1

Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). For the following reasons, the Petition is dismissed without prejudice.

Here, Petitioner raises two types of issues. The first is a claim for excessive bail. Although 28 U.S.C. § 2241 establishes jurisdiction in the federal courts to consider pretrial habeas corpus petitions, s*ee Girts v. Yanai*, 600 F.3d 576, 587 (6th Cir. 2010), federal courts should abstain from the exercise of that jurisdiction if the issues raised in the Petition may be resolved either by trial on the merits or by other procedures available to the Petitioner. *See, e.g., Fay v. Noia*, 372 U.S. 391, 417-20 (1963); *Brown v. Estelle*, 530 F.2d 1280 (5th Cir.1976); *United States ex rel. Scranton v. New York*, 532 F.2d 292 (2d Cir.1976). This is a claim that may be resolved in the Ohio courts. Consequently, Petitioner must assert it in the state courts and must exhaust his state court remedies prior to asserting it in federal court. There is no indication that he has raised these issues in the trial court or the Ohio appellate courts.

Petitioner's remaining claims challenge the conditions of his confinement in the jail. Challenges to conditions of confinement are not cognizable in a Habeas Petition.

**Conclusion**

Accordingly, the Petition is dismissed without prejudice in accordance with 28 U.S.C. § 2243. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Date: February 16, 2021

*S/Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE